UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DANIEL BRONSON,

    Plaintiff,

vs.

DANIEL BORCHERT,

    Defendant.

Case No. 1:22-cv-525

Barrett, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff, a resident of Cincinnati, brings this action against Daniel Borchert, Deputy Clerk of Court for the Ohio Court of Claims. By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a *sua sponte* review of plaintiff's complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B).

**I. Screening Standard**

The undersigned takes judicial notice of the fact that Plaintiff was previously incarcerated in the State of Ohio, and that during his incarceration, he frequently filed lawsuits that failed to state any claim or were otherwise deemed to be frivolous. Based upon that history, Plaintiff was barred from filing additional lawsuits in forma pauperis during the remainder of his incarceration absent a showing of "imminent danger of serious physical injury" under what is commonly known as the "three strikes rule" of section 804(d) of the Prison Litigation Reform Act ("PLRA") of 1995. See, generally 28 U.S.C. § 1915(g);

1

*Bronson v. State of Ohio*, Case No. 1:21-cv-711 (Doc. 2, Report and Recommendation noting application of the "three strike" rule to Plaintiff). Now that Plaintiff is no longer incarcerated, he is not subject to the PLRA's "three strikes rule." However, that does not mean that Plaintiff's lawsuits will escape all screening. In enacting the original in forma pauperis statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (*quoting Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an in forma pauperis complaint if they are satisfied that the action is frivolous or malicious. Id.; see also 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams*, 490 U.S. 319, 328-29 (1989); see also *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton*, 504 U.S. at 32; *Lawler*, 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted.  28 U.S.C. § 1915 (e)(2)(B)(ii).  A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent

standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

## II. Analysis of Plaintiff's Complaint

Here, Plaintiff's complaint contains the following allegations:

Claim #1. (On July 12, 2022 Deputy Clerk Daniel R. Borchert violated Daniel Bronson's 14th United States Constitutional Right of Due Process). Daniel

3

>R. Borchert allowed Defendant "Cincinnati State and technical and community college," To waste 24 of my calendar day, by letting the defendant file two (2) investigation reports, inside of the Ohio Court of Claims.

(Doc. 1 at 6)

Plaintiff also asks "this Court to compensate me $400.000.00 United States Dollars for the Defendant violating my 14th United States Constitutional Right." (Doc. 1 at 11).

Here, Plaintiff's complaint should be dismissed. Notably, the claims asserted against the Clerk of Courts are subject to dismissal because the Clerk of Courts is entitled to quasi-judicial immunity. Immunity afforded to judges "has also been extended to non-judicial officers performing 'quasi-judicial' duties." *Marshall v. Green*, 2010 WL 1959514, * 2 (W.D. Ky May 17, 2010) (citing *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994)); *see also Teats v. Johnson*, 2012 WL 4481436, * (M.D. Tenn. Aug. 20, 2012), ("In the Sixth Circuit, 'it is well established that judges and other court officers enjoy absolute immunity from suit on claims arising out of the performance of judicial or quasi-judicial functions.'") (quoting *Foster v. Walsh*, 864 F.2d 416, 417 (6th Cir. 1988)), report and recommendation adopted, 2012 WL 4471257 (M.D. Tenn. Sept. 26, 2012). Thus, "court officers such as clerks of court" have been found to be entitled to absolute immunity. H*oward v. Ohio State Supreme Court*, 2014 WL 3670996, * 4 (S.D. Ohio July 23, 2014) (citing Foster, 864 F.2d at 417), report and recommendation adopted, 2014 WL 5460572 (S.D. Ohio Oct. 27, 2014).

As such, Defendant Borchert is entitled to quasi-judicial immunity from Plaintiff's allegations, and the § 1983 claims against him are dismissed pursuant to § 1915(e)(2)(B).

### III. Conclusion and Recommendation

Accordingly, for these reasons, it is therefore **RECOMMENDED** this action be

**DISMISSED** with **PREJUDICE** for failure to state a claim for relief.  It is further **RECOMMENDED** that the Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny Plaintiff leave to appeal *in forma pauperis*.

                                          *s/ Stephanie K. Bowman*
                                          Stephanie K. Bowman
                                          United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| DANIEL BRONSON, | Case No. 1:22-cv-525 |
| Plaintiff, | |
| vs. | Barrett, J. |
| | Bowman, M.J. |
| DANIEL BORCHERT., | |
| Defendant. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).