# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

**DANIEL BRONSON,**

      **Plaintiff,**

  v.

**DANIEL R. BORCHERT,**

      **Defendant.**

Case No. 1:22-cv-525
**JUDGE DOUGLAS R. COLE**
Magistrate Judge Bowman

## ORDER

This cause is before the Court on the Magistrate Judge's October 20, 2022, Report and Recommendation ("R&R," Doc. 5) recommending that this Court dismiss Plaintiff Daniel Bronson's Complaint (Doc. 4) for failure to state a claim. For the reason below and given the lack of any objections to the R&R, the Court **ADOPTS** the R&R (Doc. 5) in full and **DISMISSES** Bronson's Complaint (Doc. 4) **WITH PREJUDICE**.

Bronson is a vexatious litigant who, while incarcerated, was barred from filing lawsuits in forma pauperis under the "three strikes rule" of 28 U.S.C. § 1915(g). *See Bronson v. Ohio*, No. 1:21-cv-711, 2021 WL 5474968, at *2 (S.D. Ohio Nov. 23, 2021). Now no longer incarcerated, Bronson moved for leave to proceed in forma pauperis with this suit on September 12, 2022. (Doc. 1). The Magistrate Judge granted Bronson's Motion (Doc. 3) and ordered his Complaint (Doc. 4) filed on October 20. That same day, the Magistrate Judge issued the R&R. Based on her authority under 28 U.S.C. § 1915(a)(2)(B) to screen complaints filed in forma pauperis, the Magistrate

Judge recommends that this Court dismiss the Complaint for failure to state a claim because Borchert is entitled to quasi-judicial immunity. (Doc. 5, #31).

The R&R also advised the parties that failure to object within fourteen days may cause forfeiture of rights, including the right to district court review. (*Id.* at #33). *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed."); *Berkshire v. Beauvais*, 928 F.3d 520, 530 (6th Cir. 2019) (noting "fail[ure] to file an objection to the magistrate judge's R&R ... is forfeiture"); 28 U.S.C. § 636(b)(1)(C).

Neither party objected. Still, the advisory committee notes to Fed. R. Civ. P. 72(b) suggest that the Court must "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Redmon v. Noel*, No. 1:21-cv-445, 2021 WL 4771259, at *1 (S.D. Ohio Oct. 13, 2021) (collecting cases). The Court has done so here and finds no clear error.

Borchert is the Deputy Clerk for the Ohio Court of Claims. (Doc. 4, #21). Bronson complains that Borchert "allowed defendant 'Cincinnati State and technical and Community College' To waste 42 of [Bronson's] Calendar day[s]." (*Id.*). As the Magistrate Judge noted, "it is well established that judges and other court officers enjoy absolute immunity from suit on claims arising out of the performance of judicial or quasi-judicial functions." *Foster v. Walsh*, 864 F.2d 416, 417 (6th Cir. 1988). This immunity extends to clerks of court. *Lucas v. Moore*, 412 F. Supp. 3d 749, 751 (S.D.

Ohio 2019). The Magistrate Judge, then, did not err, let alone clearly err, in concluding that Borchert has quasi-judicial immunity.

For this reason, the Court **ADOPTS** the R&R (Doc. 5) in full. The Court **DISMISSES** Bronson's Complaint (Doc. 4) **WITH PREJUDICE**. The Court further **CERTIFIES**, under 28 U.S.C. § 1915(a)(3), that Bronson could not appeal this Order in good faith and therefore **DENIES** him leave to appeal in forma pauperis. And the Court **DIRECTS** the Clerk to **ENTER JUDGMENT** and **TERMINATE** this matter on the Court's docket.

    **SO ORDERED.**

January 20, 2023
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**